UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ANDRES CASALES ROBLES,                    :

                    Plaintiff,            :

        -against-                         :

P&H 49 CORP., et al.,                     :

                    Defendants.           :

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/26/19

16 Civ. 4885 (LAP)(HBP)

REPORT AND
RECOMMENDATION

PITMAN, United States Magistrate Judge:

        TO THE HONORABLE LORETTA A. PRESKA, United States
District Judge,

I.  Introduction

        By Order dated October 28, 2016, the Honorable Richard
J. Sullivan, United States District Judge, referred this matter
to me to conduct an inquest with respect to corporate defendant
P&H 49 Corp., d/b/a "Bagels on the Square," and individual
defendant Hyun Pak (Order, dated October 28, 2016, Docket Item
("D.I.") 31).  Pursuant to Judge Sullivan's Order, I issued a
Scheduling Order on October 31, 2016 (D.I. 33).  My Scheduling
Order provided, in pertinent part:

                1.  Plaintiff[] shall submit proposed findings of
        fact and conclusions of law concerning damages no later
        than December 30, 2016.  All factual assertions made by
        plaintiff[] are to be supported by either affidavit or
        other material of evidentiary weight.

2. Defendant[s] shall submit [their] response to Plaintiff[']s submissions, if any, no later than January 30, 2017. IF DEFENDANT[S] (1) FAIL[] TO RE-SPOND TO PLAINTIFF[']S SUBMISSIONS, OR (2) FAIL[] TO CONTACT MY CHAMBERS BY JANUARY 30, 2017 AND REQUEST AN IN-COURT HEARING, IT IS MY INTENTION TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF[']S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); Fustok v. ContiCommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t is not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.")

Plaintiff submitted Proposed Findings of Fact and Conclusions of Law on January 17, 2017 (Plaintiff's Proposed Findings of Fact and Conclusions of Law, dated Jan. 17, 2017 (D.I. 34)). However, I found plaintiff's findings deficient because plaintiff failed to provide any materials of evidentiary weight to support his damages calculations (Order, dated July 28, 2017 (D.I. 35) ("July Order") at 1-2). I then ordered plaintiff to submit revised proposed findings of fact and conclusions of law no later than September 8, 2017[1] and instructed defendants to respond no later than October 10, 2017 (July Order at 2). Plaintiff submitted his revised Proposed Findings of Fact and Conclusions of Law on September 15, 2017 (Plaintiff's Proposed Findings of Fact and Conclusions of Law, dated Sept. 15, 2017 (D.I. 38) ("Pl. Decl.")).

---

[1] I subsequently granted plaintiff's request for an extension of time to file his proposed findings by September 15, 2017 (Order, dated Aug. 30, 2017 (D.I. 37)).

Copies of both scheduling orders were mailed to defen-

dants at 7 Carmine Street, New York, New York 10014. To date,

defendants have not submitted any materials with respect to this

inquest and have not contacted my chambers in anyway. Accord-

ingly, on the basis of plaintiff's submissions alone, I make the

following findings of fact and conclusions of law.

## II. Findings of Fact[2]

### A. The Parties

1. Plaintiff Andres Casales Robles is a resident of

New York County and a former employee of Bagels on the Square

(Complaint, dated June 23, 2016 (D.I. 1) ("Compl.") ¶ 20; Affida-

vit of Andres Casales Robles, dated Sept. 15, 2017, annexed to

Pl. Decl. as Ex. 2 (D.I. 38-2) ("Robles Aff.") ¶ 2).

2. Defendant P&H 49 Corp. is a domestic corporation

organized under the laws of the State of New York with its

principal place of business at 7 Carmine Street, New York, New

York 10014 (Compl. ¶ 24). Defendant P&H 49 Corp. owns and

operates Bagels on the Square, a restaurant that, at all relevant

---

[2]As a result of defendants' default, all the allegations of
the complaint, except as to the amount of damages, must be taken
as true. Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849,
854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L.
Realty Corp., 973 F.2d 155, 158-59 (2d Cir. 1992); Trans World
Airlines, Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971),
rev'd on other grounds sub nom., Hughes Tool Co. v. Trans World
Airlines, Inc., 409 U.S. 363 (1973).

times, had an annual gross volume of sales of $500,000 or more (Compl. ¶¶ 24, 40).

3. Defendant Hyun Pak is the owner, shareholder and manager of defendant P&H 49 Corp.'s restaurant, Bagels on the Square (Compl. ¶¶ 25-27).

B. Plaintiff's Employment
   with Bagels on the Square

4. Bagels on the Square employed plaintiff as a sandwich maker and food delivery worker from approximately February 2009 until approximately February 2011, then from approximately February 2012 until approximately January 2013 and again from approximately June 2013 until approximately June 10, 2016 (Robles Aff. ¶¶ 3-4).

5. From June 2010 until February 2011, plaintiff worked approximately 60 hours per week (Robles Aff. ¶ 7). Defendants paid plaintiff a fixed salary of $450.00 per week during this time period (Robles Aff. ¶ 10).

6. From February 2012 until January 2013 and again from June 2013 until June 2014, plaintiff worked approximately 60 hours per week (Robles Aff. ¶ 7). Defendants paid plaintiff a fixed salary of $465.00 per week during these time periods (Robles Aff. ¶ 11).

7. From June 2014 until June 10, 2016, plaintiff worked approximately 52 hours per week (Robles Aff. ¶ 8).

4

Defendants paid plaintiff between $280.00 and $290.00 per week during this time period (Robles Aff. ¶ 12).

      8.   Defendants paid plaintiff in cash throughout the entirety of his employment and never provided him with wage statements or notices (Robles Aff. ¶¶ 9, 15, 17).

    C.  Procedural History

      9.   Plaintiff commenced this action against the defen-dants on June 23, 2016 alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") and the New York Labor Law, §§ 650 et seq. ("NYLL").

      10.   The Clerk of the Court issued certificates of default against corporate defendant P&H 49 Corp. and individual defendant Hyun Pak on September 27, 2016 for failing to answer plaintiff's complaint (Clerk's Certificates of Default, dated Sept. 27, 2016 (D.I. 20 and 21)).  Plaintiff then moved for default judgment against defendants (D.I. 22).  Judge Sullivan thereafter ordered that defendants respond in writing to plain-tiff's submission no later than October 21, 2016 and that all parties should report for a hearing before him on October 27, 2016 for him to determine whether a default judgment should be entered against defendants (Order, dated Oct. 6, 2016 (D.I. 29)). Defendants did not respond to plaintiff's motion and did not appear at the hearing before Judge Sullivan on October 27, 2016.

On October 28, 2017, Judge Sullivan granted plaintiff's motion for default judgment against defendants (Order, dated Oct. 28, 2017 (D.I. 31)).

III.  Conclusions of Law

11.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because plaintiff alleges a violation of a federal statute -- the FLSA.  The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) with respect to plaintiff's NYLL claims because they are part of the "same case or controversy" as his FLSA claims and arise out of the same facts.  28 U.S.C. § 1367(a).

12.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to plaintiff's claims occurred in this district.

13.  Under the FLSA, an employee plaintiff generally "has the burden of proving that he performed work for which he was not properly compensated."  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded on other grounds by 29 U.S.C. §§ 251, et seq.; accord Santillan v. Henao, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011).  However, "employees seldom keep . . . records [of hours worked] themselves."  Anderson v. Mt. Clemens Pottery Co., supra, 328 U.S. at 687.  Accordingly, the FLSA requires that an employer "make, keep, and preserve . . .

6

records of the persons employed by him and of the wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). In default situations such as this one, if the defendant employer does not maintain proper time or payroll records, he essentially deprives "plaintiff of the necessary employee records required by the FLSA, thus hampering plaintiff's ability to prove his damages." Santillan v. Henao, supra, 822 F. Supp. 2d at 294. Accordingly, the Supreme Court has held that "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., supra, 328 U.S. at 687; accord Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002), abrogated on other grounds, Slayton v. American Exp. Co., 460 F.3d 215 (2d Cir. 2006).

14. In light of the holding in Mt. Clemens Pottery Co., courts in this Circuit have routinely found that where a defendant employer defaults, a plaintiff may sustain his burden of proof "'by relying on his recollection alone.'" Martinez v. Alimentos Saludables Corp., 16-cv-1997 (DLI)(CLP), 2017 WL 5033650 at *12 (E.D.N.Y. Sept. 22, 2017), quoting Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) (Sand, D.J.); see also Park v. Seoul Broad. Sys. Co., 05 Civ. 8956

(BSJ)(DFE), 2008 WL 619034 at *7 (S.D.N.Y. Mar. 6, 2008) (Jones,
D.J.) (holding that courts should apply a "special burden-shift-
ing standard" where employers fail to comply with this statutory
duty of record keeping).[3]

15. Plaintiff submitted an affidavit attesting to the
number of hours he worked at Bagels on the Square and the wages
he was paid with specificity (Robles Aff.). Given defendants'
default in this action, defendants' lack of compliance with the
federal statutes governing record keeping practices and the
deferential legal standards set forth above, plaintiff has
sustained his burden of proof.

---

[3]Plaintiff's burden of proof to establish proper damages is
nearly identical under the NYLL. See N.Y. Lab. Law § 195(4)
(requiring employers to maintain "payroll records showing the
hours worked, gross wages, deductions and net wages for each
employee"); Marin v. JMP Restoration Corp., 09-cv-1384
(CBA)(VVP), 2012 WL 4369748 at *6 (E.D.N.Y. Aug. 24, 2012)
(Report & Recommendation), adopted at, 2012 WL 4364671 (E.D.N.Y.
Sept. 24, 2012) (to determine damages under the NYLL, courts
should use "the same burden-shifting scheme employed in FLSA
actions").

8

A.  Minimum Wage Claims[4]

16.  Plaintiff seeks damages under a minimum wage claim.  An employer who fails to meet minimum wage obligations under the FLSA and the NYLL "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b); see also 12 N.Y.C.R.R. § 143-1.3.  Because plaintiff's FLSA claims are subject to a three-year statute of limitations and his NYLL claims are subject to a six-year statute of limitations, plaintiff can recover damages based on the FLSA minimum wage for the three-year period preceding the commencement of this action and damages based on the NYLL minimum wage for the period from three to six years prior to the commencement of this action.  See 29 U.S.C. § 255(a); N.Y. Lab. Law § 198(3).  Thus, damages for the period prior to June 23, 2013 must be based on the NYLL minimum wage of $7.15.  N.Y. Lab. Law § 652(1).

17.  For the period after June 23, 2013, plaintiff's

---

[4]Plaintiff submitted a damages chart purporting to show his actual damages (Plaintiffs Damages Chart, annexed to Pl. Decl. as Ex. 1 (D.I. 38-1) ("Damages Chart")).  Based on my review of this chart, plaintiff has made several errors, including applying the wrong statutory minimum wage at various times, awarding plaintiff damages for time periods outside the statute of limitations and various mathematical errors.  Thus, the damages that I recommend be awarded to plaintiff differ from plaintiff's calculations.  For the sake of brevity, I shall not identify each of plaintiff's errors; rather, I shall calculate plaintiff's damages solely on the basis of plaintiff's affidavit and the complaint.

damages are based on the FLSA minimum wage of $7.25 or on the applicable NYLL minimum wage, whichever is greater. 29 U.S.C. § 206(a)(1). "The FLSA . . . provides that employers must pay their employees the state minimum wage if it exceeds the federal minimum wage." Gurung v. Malhotra, 851 F. Supp. 2d 583, 589 (S.D.N.Y. 2012) (Marrero, D.J.), citing 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordi- nance establishing a minimum wage higher than the minimum wage established under this chapter . . . ."); accord Kim v. Kum Gang, Inc., 12 Civ. 6344 (MHD), 2015 WL 2222438 at *23 (S.D.N.Y. Mar. 19, 2015) (Dolinger, M.J.); Yu Y. Ho v. Sim Enterprises, Inc., 11 Civ. 2855 (PKC), 2014 WL 1998237 at *14-*16 (S.D.N.Y. May 14, 2014) (Castel, D.J.); Berrezueta v. Royal Crown Pastry Shop, Inc., 12-CV-4380 (FB)(RML), 2013 WL 6579799 at *4 (E.D.N.Y. Dec. 16, 2013).

18. Thus, for the period between June 23, 2013 and December 30, 2013, plaintiff's damages should be calculated based on the FLSA minimum wage of $7.25. However, because the NYLL minimum wage surpassed the FLSA minimum wage after this date, for the period between December 31, 2013 and December 30, 2014, plaintiff's damages should be calculated based on the NYLL minimum wage of $8.00; for the period between December 31, 2014 and December 30, 2015, plaintiff's damages should be calculated

10

based on the NYLL minimum wage of $8.75 and for the period after December 31, 2015, plaintiff's damages should be calculated based on the NYLL minimum wage of $9.00.  N.Y. Lab. Law § 652(1).

19.  Plaintiff alleges that he worked an average of 60 hours per week from June 23, 2010 until February 2011 and was paid $450.00 per week (Robles Aff. ¶¶ 7, 10).  Because "[u]nder both the FLSA and NYLL . . . there is a presumption that such a weekly salary covers only the first forty hours" of work per week, plaintiff was paid an effective hourly rate of $11.25. Guallpa v. N.Y. Pro Signs Inc., 11 Civ. 3133 (LGS)(FM), 2014 WL 2200393 at *3 (S.D.N.Y. May 27, 2014) (Maas, M.J.) (Report & Recommendation), adopted at, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) (Schofield, D.J.); accord Saldarriaga Saldarriaga v. IND Glatt, Inc., 17-CV-2904 (PKC)(SMG), 2019 WL 1332887 at *3 (E.D.N.Y. Mar. 25, 2009); Perez v. Platinum Plaza 400 Cleaners, Inc., 12 Civ. 9353 (PAC), 2015 WL 13402755 *3 (S.D.N.Y. June 16, 2015) (Crotty, D.J.).  Thus, plaintiff was paid more than the NYLL minimum wage of $7.15 per hour and is not owed any minimum wage damages for this time period.

20.  Plaintiff alleges that he worked an average of 60 hours per week from February 2012 until January 2013 and was paid $465.00 per week -- an effective hourly rate of $11.625 (Robles Aff. ¶¶ 7, 11).  Thus, plaintiff was paid more than the NYLL minimum wage of $7.15 per hour and is not owed any minimum wage

11

damages for this time period.

21.   Plaintiff alleges that he worked an average of 60 hours per week from June 2013 until June 2014 and was paid $465.00 per week -- an effective hourly rate of $11.625 (Robles Aff. ¶¶ 7, 11).  Thus, plaintiff was paid more than the FLSA minimum wage of $7.25 per hour and is not owed any minimum wage damages for June 2013 through December 30, 2013.  Plaintiff was also paid more than the NYLL minimum wage of $8.00 starting on December 31, 2013.  Thus, he is not owed any minimum wage damages for December 31, 2013 through June 30, 2014.

22.   Plaintiff alleges that he worked an average of 52 hours per week from June 2014 until June 10, 2016 was paid an average of $285.00 per week -- an effective hourly rate of $7.125 (Robles Aff. ¶¶ 8, 12).  Thus, applying the applicable NYLL minimum wage, multiplying by the 40 hours for each week plaintiff worked and subtracting the $7.125 per hour he was actually paid, plaintiff is owed a total of $6,015.00 in unpaid minimum wage damages from July 1, 2014 until June 10, 2016, calculated as follows:

Pay period 07/01/2014 to 12/30/2014:
26 weeks of work x 40 hours per week x $8.00 =    $8,320.00

Pay period 12/31/2014 to 12/30/2015:
52 weeks of work x 40 hours per week x $8.75 =   $18,200.00

Pay period 12/31/2015 to 06/10/2016:
23 weeks of work x 40 hours per week x $9.00 =    $8,280.00

            Total minimum wages:                $34,800.00

12

                    Hourly rate paid, i.e.,
                    $7.125 per hour x 40 hours
                    per week for 101 weeks:                    ($28,785.00)

                    Net minimum wages owed:                    **$6,015.00**

          23.   Thus, plaintiff is owed a total of $6,015.00 in

unpaid minimum wage damages.


     B.   Overtime Claims

          24.   Plaintiff also alleges violations of the FLSA and

the NYLL arising out of defendants' failure to pay him overtime

premium pay for all hours worked in excess of 40 hours per week.

Both the FLSA and the NYLL require employers to pay overtime

wages, equal to one and one-half the employee's regular salary,

for every hour worked in excess of 40 hours in any given week.

29 U.S.C. § 207(a); N.Y. Lab. Law § 651; 12 N.Y.C.R.R. § 142-2.2.

The method for calculating overtime under both statutes is the

same, and a plaintiff is not entitled to receive double damages.

Martinez v. Alimentos Saludables Corp., supra, 2017 WL 5033650 at

*15.  A plaintiff must plead sufficiently detailed information to

"support a reasonable inference that [he] worked more than 40

hours a week."  Kleitman v. MSCK Mayain Olam Habba Inc., 11-cv-

2817 (SJ), 2013 WL 4495671 at *4 (E.D.N.Y. Aug. 20, 2013).

          25.   Plaintiff alleges that he worked 20 overtime hours

per week from June 23, 2010 until February 28, 2011 (Robles Aff.

¶ 10).  Multiplying plaintiff's actual hourly rate of pay of

                              13

$11.25 by 1.5, plaintiff was entitled to a premium pay of $16.875
for each hour worked in excess of 40 hours per week from June 23,
2010 until February 28, 2011.  Multiplying this premium pay rate
by 20 overtime hours per week, yields a total of $11,812.50 in
unpaid overtime damages for June 23, 2010 until February 28,
2011, calculated as follows:

Pay period 06/23/2010 to 02/28/2011:
35 weeks of work x 20 O/T hours x $16.875 =          **$11,812.50**

      26.   Plaintiff alleges that he worked 20 overtime hours
per week from February 1, 2012 until January 31, 2013 and again
from June 2013 until June 2014 (Robles Aff. ¶ 7).  Multiplying
plaintiff's actual hourly rate of pay of $11.625 by 1.5, plain-
tiff was entitled to a premium pay of $17.437 for each hour
worked in excess of 40 hours per week from February 1, 2012 until
January 31, 2013 and again from June 2013 until June 2014.
Multiplying this premium pay rate by 20 overtime hours per week,
yields a total of $37,663.92 in unpaid overtime damages for
February 1, 2012 until June 30, 2014, calculated as follows:

Pay period 02/01/2012 to 06/30/2014:
108 weeks of work x 20 O/T hours x $17.437 =          **$37,663.92**

      27.   Plaintiff alleges that he worked 12 overtime hours
per week from July 1, 2014 through June 10, 2016 (Robles Aff. ¶
8).  Multiplying the NYLL statutory minimum wage of $8.00 by 1.5,
plaintiff was entitled to a premium pay of $12.00 for each hour
worked in excess of 40 hours per week from July 1, 2014 until

14

December 30, 2014.  Multiplying the NYLL statutory minimum wage
of $8.75 by 1.5, plaintiff was entitled to a premium pay of
$13.125 for each hour worked in excess of 40 hours per week from
December 31, 2014 until December 30, 2015.  Multiplying the NYLL
statutory minimum wage of $9.00 by 1.5, plaintiff was entitled to
a premium pay of $13.50 for each hour worked in excess of 40
hours per week from December 31, 2015 until June 10, 2016.
Multiplying these premium pay rates by 12 overtime hours per
week, yields a total of $15,660.00 in unpaid overtime damages for
July 1, 2014 until June 10, 2016, calculated as follows:

Pay period 07/01/2014 to 12/30/2014:
26 weeks of work x 12 O/T hours x $12.00  =          $3,744.00

Pay period 12/31/2014 to 12/30/2015:
52 weeks of work x 12 O/T hours x $13.125 =          $8,190.00

Pay period 12/31/2015 to 06/10/2016:
23 weeks of work x 12 O/T hours x $13.50  =          $3,726.00

                    Total overtime wages owed:      **$15,660.00**

        28.   Thus, plaintiff is owed a total of $65,136.42 in
unpaid overtime premium pay.

### C.   Spread-of-Hours Claims

        29.   Plaintiff next alleges that he is entitled to
"spread-of-hours" damages.  Under NYLL's "spread-of-hours" rule,
an employee is entitled to an additional hour of pay, at the
prevailing minimum wage, if the start and end times of his
workday are more than ten hours apart.  12 N.Y.C.R.R. §§ 142-2.4,

15

142-2.18.  "Before January 1, 2011, New York employers were required to pay spread-of-hours wages only [to] employees who were paid at the minimum wage . . . [b]ut [e]ffective January 1, 2011, employers are required to pay spread-of-hours wages for all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay."  Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 500 (S.D.N.Y. Sept. 28., 2017) (Failla, D.J.) (quotation marks and citation omitted), aff'd, 752 F. App'x 33 (2d Cir. 2018) (summary order); see also 12 N.Y.C.R.R. § 146-1.6(d); Mei Chun Poon v. Apple NYC Corp., 17 Civ. 9647 (RA)(GWG), 2019 WL 75674 at *6-*7 (S.D.N.Y. Jan. 2, 2019) (Gorenstein, M.J.) (Report & Recommendation) (distinguishing between restaurant workers and other workers with respect to spread-of-hours damages where workers are making more than the minimum wage).[5]  Finally, spread-of-hours damages are only available under the NYLL and, therefore, the NYLL statutory minimum

---

[5]I note that at least one court has denied to award spread-of-hours damages to a restaurant worker who was making more than minimum wage.  See Fermin v. Las Delicias Peruanas Restaurant, Inc., 93 F. Supp. 3d 19, 45 (E.D.N.Y. 2015).  However, the majority of cases follow 12 N.Y.C.R.R. § 146-1.6(d) and award spread-of-hours damages to restaurant workers regardless of their regular rate of pay.  See Piedra v. Ecua Restaurant, Inc., 17 CV 3316 (PKC)(CLP), 2018 WL 1136039 at *13 (E.D.N.Y. Jan. 31, 2018) (Report & Recommendation), adopted at, 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018); Gamero v. Koodo Sushi Corp., supra, 272 F. Supp. 3d at 500; Martinez v. Alimentos Saludables Corp., supra, 2017 WL 5033650 at *17; Villar v. Prana Hospitality, Inc., 14 Civ. 8211 (RA)(JCF), 2017 WL 1333582 at *4 (S.D.N.Y. Apr. 11, 2017) (Francis, M.J.) (Report & Recommendation), adopted at, 2018 WL 3579841 (S.D.N.Y. July 25, 2018) (Abrams, D.J.).

16

wage must be applied.  See Ayala v. Your Favorite Auto Repair & Diagnostic Center, Inc., 14-CV-5269 (ARR)(JO), 2016 WL 5092588 at *24 (E.D.N.Y. Sept. 19, 2016) ("there is no counterpart under the FLSA" for spread-of-hours damages (internal quotation marks and citation omitted)).

30.  Plaintiff alleges that he worked 12 hours per day, five days per week for the time periods of June 23, 2010 until February 2011, February 2012 until January 2013 and June 2013 until June 2014 (Robles Aff. ¶ 7).  Thus, plaintiff is entitled to $5,365.75 in spread-of-hours damages, calculated as follows:

Pay period 06/23/2010 to 02/28/2011:
35 weeks of work x 5 days per week x $7.15 =        $1,251.25

Pay period 02/01/2012 to 01/31/2013:
56 weeks of work x 5 days per week x $7.15 =        $2,002.00

Pay period 06/01/2013 to 12/30/2013:
30 weeks of work x 5 days per week x $7.15 =        $1,072.50

Pay period 12/31/2013 to 06/30/2014:
26 weeks of work x 5 days per week x $8.00 =        $1,040.00

Total spread-of-hours damages:               **$5,365.75**

D.  Liquidated Damages

31.  In addition to compensatory damages, plaintiff also seeks to recover liquidated damages.  Because the FLSA has a three-year statute of limitations, plaintiff is able to recover liquidated damages only under the NYLL for unpaid wages owed from June 23, 2010 through June 23, 2013.  Prior to April 9, 2011, the

17

NYLL provided that an employee could collect 25% of his total unpaid wages as liquidated damages. <u>See</u> N.Y. Lab. Law § 198(1-a) (amended Nov. 23, 2009 and Apr. 9, 2011).[6] The NYLL was amended effective April 9, 2011 to provide that an employee could collect 100% of his total unpaid wages and spread-of-hours damages as liquidated damages. N.Y. Lab. Law § 198(1-a); <u>Rana v. Islam</u>, 887 F.3d 118, 123 n.3 (2d Cir. 2018). Based on the calculations above, plaintiff is entitled to $11,812.50 in unpaid overtime pay from June 23, 2010 until February 28, 2011. Thus, plaintiff is entitled to $2,953.125 in liquidated damages for this time period (25% of $11,812.50).

32. Plaintiff is also entitled to $18,134.48 in unpaid overtime pay and $2,002.00 in spread-of-hours damages from February 2012 until January 2013, and $1,046.22 in unpaid over-time pay and $107.25 in spread-of-hours damages from June 1, 2013 until June 23, 2013. Accordingly, plaintiff is entitled to $21,289.95 in liquidated damages for this time period (100% of

---

[6]The 2009 amendment to the statute did not affect the percentage that an employee was able to recover as liquidated damages. Under this pre-2009 statutory scheme, an employee could only recover 25% of his unpaid wages as liquidated damages if he was able to establish the employer's violations were willful. <u>See</u> N.Y. Lab. Law § 198(1-a) (amended Nov. 23, 2009); <u>Morales v. Mw Bronx, Inc.</u>, 15 Civ. 6296 (TPG), 2016 WL 4084159 at *9 (S.D.N.Y. Aug. 1, 2016) (Griesa, D.J.). The 2009 amendment removed this "willfulness" requirement and shifted the burden to the employer to put forth a "good faith defense." N.Y. Lab. Law § 198(1-a) (amended Apr. 8, 2011). Because defendants have defaulted, plaintiff is entitled to liquidated damages under both versions of the statute.

$21,289.95).

33.   Turning to plaintiff's claim for liquidated damages after June 23, 2013, plaintiff can collect 100% of his unpaid wages as liquidated damages under either the FLSA or the NYLL.  29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a).  Several courts have recently held that plaintiff may recover liquidated damages under the "law providing the greatest recovery" for plaintiff.  Bhagwat v. Queens Carpet Mall, Inc., 14-cv-5475 (ENV)(PK), 2018 WL 4921637 at *9 (E.D.N.Y. Sept. 12, 2018) (citation omitted) (Report & Recommendation), adopted at, 2018 WL 4941771 (E.D.N.Y. Oct. 11, 2018); accord Mei Chun Poon v. Apple NYC Corp., 17 Civ. 9647 (RA)(GWG), 2019 WL 75674 at *8 (S.D.N.Y. Jan. 2, 2019) (Gorenstein, M.J.) (Report & Recommendation) (allowing plaintiff to recover liquidated damages at the higher NYLL minimum wage rate where both the FLSA and NYLL were vio-lated); Zhong Fa Qin v. Sensation Neo Shanghai Cuisine, Inc., 15-CV-6399 (KAM)(PK), 2018 WL 5456653 at *7 (E.D.N.Y. Aug. 9, 2018) (Report & Recommendation), adopted at, 2018 WL 4853041 (E.D.N.Y. Oct. 4, 2018) (same).  However, plaintiff may not receive double liquidated damages under both statutes.  Rana v. Islam, supra, 887 F.3d at 123; Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59, 60-61 (2d Cir. 2016).

34.   Based on the above calculations, for the time periods after June 23, 2013, plaintiff is entitled to $6,015.00

in unpaid minimum wages, $34,143.22 in unpaid overtime premium pay and $2,005.25 in spread-of-hours damages. Accordingly, plaintiff is entitled to $42,163.47 in liquidated damages for this time period (100% of $42,163.47).

35. Thus, plaintiff is entitled to a total of **$75,265.92** in liquidated damages.

E. Wage Statement and
   Wage Notice Claims

36. Finally, plaintiff alleges that defendants did not provide him with any wage notices or statements during his employment (Robles Aff. ¶¶ 15, 17). Effective April 9, 2011, the NYLL requires employers to provide employees with a wage notice containing basic information such as rate of pay at the time of hire. N.Y. Lab. Law § 195(a). An employee who is not provided with this wage notice at the time of hiring or by February 1st of each subsequent year of employment can recover damages of $50 for each work week the violation continues with a statutory maximum of $2,500 in damages. N.Y. Lab. Law §§ 195(a) (amended Dec. 28, 2014), 198(1-b) (amended Jan. 19, 2016); Xochimitil v. Pita Grill of Hell's Kitchen, Inc., 14 Civ. 10234 (JGK)(JLC), 2016 WL 4704917 at *14 (S.D.N.Y. Sept. 8, 2016) (Cott, M.J.) (Report & Recommendation), adopted at, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) (Koeltl, D.J.). However, this statute was later amended and effective February 27, 2015, these penalties were increased

to $50 per workday, not to exceed $5,000. N.Y. Lab. Law §
198(1-b); Cocoletzi v. Fat Sal's Pizza II, Corp., 15 Civ. 2696
(CM)(DF), 2018 WL 7291455 at *9 (S.D.N.Y. Dec. 6, 2018) (Freeman,
M.J.) (Report & Recommendation), adopted at, 2019 WL 92456
(S.D.N.Y. Jan. 3, 2019) (McMahon, D.J.).

        37.  As of April 9, 2011, employers are also required
to provide employees with a wage statement on each payday.  N.Y.
Lab. Law § 195(3).  An employee can recover $100 for each work
week that a wage statement violation occurs with a statutory
maximum of $2,500.  N.Y. Lab. Law § 198(1-d) (amended Jan. 19,
2016).  However, this statute was also amended and effective
February 27, 2015, these penalties were increased to $250 per
workday, not to exceed $5,000.  N.Y. Lab. Law § 198(1-d) (amended
Jan. 19, 2016); Cocoletzi v. Fat Sal's Pizza II, Corp., supra,
2018 WL 7291455 at *8.

        38.  While neither statute applies retroactively, the
mere fact that an employee was hired prior to April 9, 2011 does
not relieve employers from complying with wage notice and state-
ment requirements so long as the employee remained employed by
defendants.  Xochimitil v. Pita Grill of Hell's Kitchen, Inc.,
supra, 2016 WL 4704917 at *14 (employee hired in 2008 was enti-
tled to receive wage notices starting in February 2012 and wage
statements after April 9, 2011); see also Andrade v. 168 First
Ave Restaurant Ltd., 14 Civ. 8268 (JPO)(AJP), 2016 WL 3141567 at

21

*8-*9 (S.D.N.Y. June 3, 2016) (Peck, M.J.) (Report & Recommenda-
tion), adopted at, 2016 WL 3948101 (S.D.N.Y. July 19, 2016)
(Oetken, D.J.); Inclan v. N.Y. Hospitality Grp., Inc., 95 F.
Supp. 3d 490, 501 (S.D.N.Y. 2015) (Buchwald, D.J.); Baltierra v.
Advantage Pest Control Co., 14 Civ. 5917 (AJP), 2015 WL 5474093
at *10-*11 (S.D.N.Y. Sept. 18, 2015) (Peck, M.J.).  Furthermore,
"courts have held that [the] maximum [statutory penalties]
appl[y] where, as here, a plaintiff's work straddled the two
periods" prior to February 27, 2015 and then after February 27,
2015.  Dudley v. Hanzon Homecare Services, Inc., 15 Civ. 8821
(JMF), 2018 WL 481884 at *4 (S.D.N.Y. Jan. 17, 2018) (Furman,
D.J.) (holding that plaintiff could recover more than $2,500 if
defendants' wage statement or wage notice violations continued
past February 27, 2015); accord Cocoletzi v. Fat Sal's Pizza II,
Corp., supra, 2018 WL 7291455 at *16.

39.  Defendants were obligated to provide plaintiff
with wage notices starting in February 2012 and wage statements
after April 9, 2011.  Because plaintiff's employment continued
past February 27, 2015 through June 10, 2016, plaintiff is
entitled the maximum statutory penalty of $5,000.00 for defen-
dants' wage notice violations and $5,000.00 for defendants' wage
statement violations.  Thus, plaintiff is entitled to a total of
$10,000.00 in statutory damages.

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respect-
fully recommend that plaintiff be awarded a total of $161,783.09,
calculated as follows:

| | |
|---|---|
| Unpaid minimum wages: | $6,015.00 |
| Unpaid overtime premium pay: | $65,136.42 |
| Spread-of-hours damages: | $5,365.75 |
| Liquidated damages: | $75,265.92 |
| Wage statement and notice violation: | $10,000.00 |
| Total damages: | **$161,783.09** |

V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,
with courtesy copies delivered to the Chambers of the Honorable
Loretta A. Preska, United States District Judge, 500 Pearl
Street, Room 2220, New York, New York 10007 and to the Chambers
of the undersigned, 500 Pearl Street, Room 1670, New York, New
York 10007.  Any requests for an extension of time for filing
objections must be directed to Judge Preska.  FAILURE TO OBJECT
WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS
AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140,

23

155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d

Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049,

1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983)

(per curiam).

Dated:   New York, New York
         April 25, 2019

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge

Copy transmitted to:

Plaintiff's Counsel


Copies mailed to:

P&H 49 Corp.
7 Carmine Street
New York, NY 10014

Hyun Pak
7 Carmine Street
New York, NY 10014